MICHAEL McPHEE *vs.* JOHN T. SCULLY.

Suffolk.   January 24, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Ordinary Care — Assumption of obvious Risks — Action — Breach of Duty by Employer — Employers' Liability Act — " Superintendence " — Declaration.*

A workman attempting a dangerous task, which he can do safely if the other persons concerned act with due care, may be found to be in the exercise of ordinary care, although accepting the obvious risks of his work; and he may have compensation for personal injuries, if back of all obvious dangers there is a breach of duty on the part of his employer, the risk of which he has not assumed, and which may fairly be found to have been the cause of the accident.

A foreman having authority to employ and dismiss men, who has charge of a job and gives all the directions to the men, and does not work and is not expected to work with his own hands, is a person whose sole or principal duty is that of superintendence, although there is a general superintendent over him.

If a drunken superintendent employed by a master chargeable with knowledge of his intemperate habits allows machinery to be operated by a workman who is evidently intoxicated, and orders the intoxicated workman to do an act which must obviously cause unnecessary danger to another workman, who is thereby hurt, a breach of duty to the latter both at common law and under the employer's liability act may be found on the part of the master which will support a declaration either at common law or under the act.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by having his hand crushed in a pile-driver.   The declaration contained two counts, the first of which was at common law, and the other under the employers' liability act, St. 1887, c. 270.   At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*J. Lowell, Jr.*, (*S. H. Smith* with him,) for the defendant.

*C. G. Fall*, for the plaintiff.

BARKER, J.    The defendant contends that the verdict against him should be set aside; first, because the evidence does not sustain the burden of showing that the plaintiff was in the exercise of due care; secondly, because the plaintiff ought to be held to have assumed the risk; thirdly, that the accident happened through the negligence of a fellow servant; and fourthly, that, if the evidence shows a cause of action, the proof does not support the allegations of the declaration.

The work was driving piles.    The plaintiff was one of a gang of seven men, of whom one Fahey was foreman.    At the time of the accident the plaintiff was aloft standing on a joist, swinging and steadying a suspended pile, to put it in position.    This work was to be done by applying his strength directly to the pile, and he put his left hand on top of the pile and his right arm between the pile and one of the upright beams between which the pile stood.    The driving-hammer was five feet above him, upheld by a chocking-block on which it rested while the piles were placed in position.    The placing of his hand upon the top of the pile, directly in the line of descent of the hammer if it should fall, is the act which the defendant contends should charge the plaintiff with contributory negligence.    But the fall of the hammer while the plaintiff was at his post was not to be expected; and if it should occur, there was no position in which he could do his work of which safety could be predicated.    He had a right to expect that the hammer would not fall, and the jury might find that he was in the exercise of ordinary care.

Whether he had assumed the risk of injury from the accidental fall of the driving-hammer is a different question.    It was obvious that, if it should fall while he was at work aloft, his serious injury would be an almost inevitable result.    It was also obvious that the hammer would fall if the chocking-block or its supports were defective, or if the block should be accidentally or intentionally displaced.    He consented to work exposed to this danger of injury by the fall of the hammer as the machine was constructed, and he also consented to work exposed to this danger so far as it might be caused by the carelessness of his fellow workmen.    There was no evidence from which it could

be found that the pile-driver or any of its appliances were out of repair or defective; and the immediate cause of the unexpected fall of the hammer was the accidental pulling away of the chocking-block by the strain of the gypsy fall, which a drunken fellow workman, who had the fall in hand, negligently allowed to get over the block in such a way that when made taught it pulled the block out from under the hammer. The end of the chocking-block projected some three inches beyond the outer face of the upright beam against which it stood when in place under the hammer, and it was obvious that the gypsy fall might get over the projecting end, and that, if the fall should be straightened when attached to a pile and over the projecting end of the chocking-block, the block might be pulled from its place and the hammer released. These obvious risks the plaintiff must be taken to have understood and to have assumed. But this is not conclusive against his right to have compensation for his injury, if upon the evidence there was, back of the dangers of which he assumed the risk, some breach of duty towards him on the part of his employer which could fairly be found to have been the cause of the accident. Such breaches of duty are charged in each count of the declaration. In the first count, the employing of careless, incompetent, and reckless fellow workmen, whose carelessness, incompetency, and recklessness were known, or might with reasonable care and diligence have been known, to the defendant, — a breach of duty at common law. In the second count, negligence of a person in the defendant's service, intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, — a breach of duty imputed to the employer by force of the St. 1887, c. 270. The evidence justified a finding that the foreman and the workman who got the fall foul of the chocking-block were drunk, and others of the men had been drinking at their work, from a bottle of liquor for which the foreman had sent one of the men. The foreman had been working for the defendant eight or nine years, and the defendant testified that he never saw him intoxicated at his work before the accident; that he had seen him intoxicated a good many times, but not at his work; that he never saw him under the influence of liquor at his work; that he never saw him at the work but that he was able to do his

work right; and that ever since he knew him the foreman's habits had been as he described. But one of the men gave evidence from which the jury might find that the foreman had before this occasion drank liquor, and been intoxicated at his work when the defendant was present, and the defendant's general superintendent testified that he had seen the foreman a number of times under the influence of liquor, perhaps half a dozen, and did not state that these were not times when the foreman was at his work; and another workman testified that on a previous occasion the foreman had been under the influence of liquor, and compelled to go home at noon. This evidence would justify the jury in finding that the foreman was an incompetent and reckless man, whom the defendant had employed either knowing his faults or chargeable with knowledge of them. The evidence also tended to show, not only that the foreman and the workman who handled the fall were drunk at the time of the accident, but that the appearance of the latter showed him to be drunk. The fouling of the chocking-block by the fall was plainly to be seen, and the order to "hoist again," which caused the straightening of the fall and the displacement of the guard, was given by the foreman. Either leaving the fall to be handled by a workman apparently intoxicated or giving the order to "hoist again" when the fall was foul of the chocking-block might be found to be an act of great carelessness, resulting directly from an unfitness of the foreman, known by the defendant or with knowledge of which he was chargeable, and which made it a breach of his duty toward the plaintiff to keep the foreman at work with the plaintiff. This breach of duty was sufficiently shown to have been the cause of the accident to enable the jury to find for the plaintiff upon that ground. This is so, in our opinion, upon either count of the declaration; under the first count, for an injury resulting from a breach of the defendant's duty to use due care in providing for the plaintiff proper fellow workmen; and under the second count, for negligence of the foreman in giving the order to "hoist again" when if he had been careful he would have seen that the fall was foul of the block, as well as for negligently allowing the fall to be handled by a workman apparently intoxicated, in each of which acts the foreman was exercising superintendence.

The defendant insists that the plaintiff did not sustain the burden of showing that the foreman's sole or principal duty was that of superintendence; but while another person was employed by the defendant as his general superintendent, that person was not present at the time. The defendant testified that the foreman was foreman of the gang, and had authority to employ and dismiss men, and frequently had charge of the jobs. There was abundant evidence that he had charge of this work, and gave all the directions which were given, and no testimony that he worked or was expected to work with his own hands. The evidence required a finding that on this occasion at least the foreman's sole or principal duty was that of superintendence.

The defendant's contention that the proof did not support the allegations of the declaration cannot be sustained. The charge in the first count, of employing incompetent men, did not rest alone upon his employment of McQuade, who handled the fall, and was supported by the evidence as to the foreman. The specification in the second count as to the negligence of the foreman "in failing properly to use, handle, manage, and control said pile-driver and the engine, machinery, dog, yoke, chocking-block (so called), gearing, ropes, and guys thereof," must, after verdict, the evidence having been admitted without objection, be held to have been supported by proof that the foreman negligently allowed the fall to be handled by a drunken workman, and that the foreman himself negligently gave the order to "hoist again" when the fall was fouled with the chocking-block.

*Exceptions overruled.*