MARIA M. DI BARI *vs.* J. W. BISHOP COMPANY.

Worcester.        February 24, 1908. — June 15, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action under R. L. c. 106, § 73, by the widow of a workman against a general contractor, for causing the instantaneous death of her husband, while he was working as one of a gang of men in the employ of the defendant in attempting

to erect a heavy pole, from the pole suddenly falling upon him, there was evidence that the plaintiff had been in this country about two months, that he did not speak or understand English, that before his employment by the defendant he had worked as a laborer in shovelling and picking, and that he went to work on the job the day before he was killed, having had previously no experience in this kind of work. There was nothing to show that he was not doing in the usual way the work which he had been set to do, and there was evidence that, if any warning was given by the defendant's superintendent, the plaintiff's husband failed to understand it, and that from want of experience he did not appreciate the danger of poles falling. There also was evidence warranting a finding that his failure to avoid the danger might have been due to confusion on his part resulting from the imminence of the peril and his want of experience. *Held,* that the plaintiff's husband did not assume the risk of such an accident, and that the question of his due care was for the jury, upon which they might consider the fact that the other workmen escaped and that the plaintiff's husband perhaps might have escaped also if he had been less confused or had moved more quickly, but that it could not be ruled as matter of law that he was wanting in due care because in a moment of sudden peril he failed to use the best means of escape.

It is the duty of an employer toward his workmen to furnish a sufficient number of workmen to do the work required of them.

In an action under R. L. c. 106, § 73, by the widow of a workman against a general contractor, for causing the instantaneous death of her husband, while he was working in the employ of the defendant as one of a gang of six men under a foreman in attempting to erect a heavy pole, thirty feet high above the ground and sixteen or eighteen inches in diameter at its base, from the pole suddenly falling upon him, there was evidence warranting the jury in finding that the defendant did not furnish a sufficient number of men to enable those engaged in erecting the pole to do so in safety and that such negligence was the proximate cause of the death of the plaintiff's husband. *Held,* that the question of the defendant's negligence was for the jury.

TORT under R. L. c. 106, § 73, by the widow of Pietro Di Bari against a general contractor, for causing the instantaneous death of her husband on December 30, 1905, while he was working as one of a gang of men in the employ of the defendant. Writ dated March 31, 1906.

In the Superior Court the case was tried before *Gaskill,* J. The facts which the jury were warranted in finding on the evidence are stated in the opinion. The plaintiff's husband was killed by the falling of a heavy pole, about thirty feet high above the ground and sixteen or eighteen inches in diameter at its base, when six men under the direction of a foreman were attempting to erect it.

The judge refused to order a verdict for the defendant, and refused to rule that there was no evidence that an additional number of men would have prevented the accident.

Among other instructions to the jury, the judge gave the following to which the defendant excepted:

"First, was the defendant corporation negligent in not providing a greater force of men to do the work of raising the pole? You have heard the evidence upon the one side and the other, as to the usual and customary method of doing the work. So far as the method is concerned that need not be a matter for you to consider especially. You have heard also upon one side and the other evidence as to the usual and ordinary course as to the number of men required to do work similar to this.

"Now, you must be satisfied by a fair preponderance of the evidence, in order to maintain that proposition, that a less number of men than was the usual and ordinary complement furnished and required to be furnished by an employer for work of this character under these conditions was furnished in this case. If you are satisfied that under these conditions the number of men furnished by Bishop and Company was a sufficient number of men, then that is an end so far as that proposition is concerned, of the plaintiff's case.

"If you are satisfied that a less number of men was furnished then that is not enough to give the plaintiff a verdict. You must be satisfied that that failure to furnish more men was the proximate cause of the death of the plaintiff's husband. So it becomes important for you in that connection to inquire what was the exact situation which caused the death of Di Bari. If you are satisfied that it was by reason of one of the spikes in the jack settling into the ground, it is for you to say whether a larger number of men could in the first instance have prevented that, or in the second instance if they could not have prevented that, can you say that they would have prevented this pole from falling in the way in which it did?"

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.*, for the defendant.
*G. S. Taft & G. R. Stobbs*, for the plaintiff.

MORTON, J. As this action finally went to the jury there were two questions for them to consider: first, whether the plaintiff's husband was in the exercise of due care or had as-

sumed the risk; and secondly, whether the defendant or its superintendent was negligent in not providing more men to do the work and, if they were negligent, whether such negligence was the cause of the death of the plaintiff's husband. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to direct a verdict in its favor, and to the instructions which the judge gave in regard to the second question.

It could not have been ruled as matter of law that the plaintiff's husband was not in the exercise of due care, or that he assumed the risk. There was testimony tending to show that he had been in this country only about two months, that he did not speak or understand English, that he had worked as a laborer in shovelling and picking; and that he went to work on the job the day before he was killed, having previously had no experience in that kind of work. There is nothing to show that he was not doing in the usual way the work which he was set to do. And there was evidence warranting the jury in finding that, if any warning was given by the superintendent, the deceased failed to understand it, and that from want of experience he did not appreciate the danger of the pole's falling, and therefore did not assume the risk. There also was evidence warranting them in finding that his failure to avoid the danger may have been due to confusion on his part resulting from the imminence of the peril and his want of experience. The fact that the others escaped and that he might, perhaps, have done so if he had been less confused or had moved more quickly was a matter for the consideration of the jury in passing upon the question of his due care. It could not be ruled as matter of law that he was wanting in due care because in a moment of sudden peril he failed to use the best means of escape. *Olsen* v. *Andrews*, 168 Mass. 261.

We see no error in the instructions in regard to the matter of alleged negligence on the part of the defendant in failing to supply a sufficient number of workmen for the erection of the pole in safety. Such negligence stands on the same footing as negligence in furnishing suitable appliances. In a sense workmen are appliances. If a master knowingly employs servants who are incompetent by reason of their habits or otherwise he is liable for an injury occasioned to a fellow servant by their incom-

petency just as he would be liable for an injury caused by a defective machine. *Gilman* v. *Eastern Railroad,* 13 Allen, 433. *McPhee* v. *Scully,* 163 Mass. 216. And on principle we do not see why a master should not also be held liable for injuries resulting from his negligence in failing to furnish a suitable number of servants to do the work required of them. There was evidence warranting the jury in finding that a sufficient number of men was not furnished by the defendant to enable those engaged in erecting the pole to do the work in safety, and that such negligence was the proximate cause of the death of the plaintiff's husband.

*Exceptions overruled.*