## Standard Forgings Company *v.* Saffel.

[No. 21,960. Filed November 3, 1911.]

1. Master and Servant. — *Making Excavations.—Negligence.—Complaint.—General Allegations.*—A complaint, in an action for injuries caused by the caving in of an excavation, near the edge of which was a large pile of iron bars, alleging generally that defendant "carelessly and negligently directed plaintiff to dig said hole at a distance of two feet from" said bars, by reason whereof plaintiff was injured, is sufficient on demurrer. p. 421.

2. Master and Servant. — *Foreman. — Authority. — Complaint. — Facts or Conclusions.*—An allegation in a complaint that defendant's foreman had "full and complete authority from defendant to order and direct plaintiff in the performance of his work, and to require him to obey all such orders and directions," is one of fact, and is not a mere conclusion. p. 421.

3. Master and Servant.—*Excavations.—Character of Soil.—Notice.—How Alleged.—Complaint.*—An allegation that "the condition and character of the soil were well known to defendant at and before plaintiff's injury," sufficiently alleges notice of the instability of the soil, if notice was necessary, which caved in, causing plaintiff's injuries. p. 421.

4. Master and Servant.—*Excavations.—Character of Soil.—Propping.—Complaint.*—A complaint alleging that defendant ordered the plaintiff to excavate near a pile of iron bars, that the soil "consisted of quicksand, saturated with water," and that it was liable to cave in, which was known to defendant, sufficiently shows a necessity for propping the sides of such excavation. p. 421.

5. Master and Servant.—*Excavations.—Instructions.*—An instruction that "plaintiff alleges that the iron bars fell upon him because the hole was dug too close" to such bars, is not misleading though the complaint actually alleged that the caving in of such bars occurred because the hole was dug "so" close to them that the bars caved in. p. 422.

6. Master and Servant.—*Safe Place.—Instructions.*—An instruction that it is the duty of a company "to furnish its servants with a reasonably safe place in which to perform their work," and "to exercise reasonable care and diligence in providing his servant with * * * safe surroundings," correctly states the law. p. 422.

7. Master and Servant.—*Instructions.—Applicability to Evidence.*—An instruction as to weighing the testimony of witnesses was

not inapplicable to the evidence where there was testimony that plaintiff was a Hungarian, that he had been wheeling ashes until he was ordered to dig in the excavation wherein he was injured, that he thought it was safe to dig therein, that he did not notice the iron bars that fell in, that he was working with his back to such bars, and that when ordered to do anything plaintiff would do it. p. 423.

8. MASTER AND SERVANT.—*Negligence.—Failure to Instruct as to Defenses.—Waiver.*—The failure of defendant to ask for any instructions concerning contributory negligence, assumption of risk, and the failure of a foreman to use proper appliances furnished, constitutes a waiver of any alleged error in the court's failing to instruct on such subjects. p. 424.

9. MASTER AND SERVANT.—*Excavations.—Inexperienced Servant.—Assumption of Risk.*—A company is liable to an illiterate Hungarian for ordering him to work in an excavation that had become dangerous because of quicksand, and near the edge of which excavation a heavy pile of iron bars lay, the weight causing the side of the pit to cave in upon such laborer, the company knowing of such danger and knowing that such laborer did not appreciate the danger. pp. 424, 427, 428.

10. MASTER AND SERVANT.—*Assumption of Risk.—Basis.—Notice.*—Notice, actual or constructive, of the danger, constitutes the sole basis for the doctrine of the assumption of risk on the part of a servant. p. 427.

11. MASTER AND SERVANT.—*Inexperienced Servant.—Assumption of Risk.—Jury.*—Whether a servant knew of the danger, or did not appreciate it because of inexperience, are questions of fact for the jury. p. 427.

12. MASTER AND SERVANT.—*Vice-Principal.—Foreman.*—A foreman who had charge of an excavation and who ordered the plaintiff to assist therein is a vice-principal and not the plaintiff's fellow servant. p. 428.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Paul Saffel against the Standard Forgings Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Bomberger, Sawyer & Curtis,* for appellant.
*F. N. Gavit* and *J. E. Westfall,* for appellee.

MORRIS, J.—Appellee sued appellant for damages for personal injuries. There was a trial by jury, a verdict for

plaintiff, and judgment on the verdict for $1,800. The court overruled a motion for a new trial.

The errors assigned and discussed are the overruling of appellant's demurrer to the amended complaint, and overruling the motion for a new trial.

So much of the amended complaint as requires consideration is as follows: "That defendant is a corporation duly organized as such, and was, at the time plaintiff received the injuries hereinafter alleged, engaged in constructing an addition to a certain manufacturing plant then operated by it, and plaintiff was employed by defendant to work as a common laborer in and about said portion of said plant while said addition was being constructed, and was acting in the course of his said employment; that in the course of his said employment plaintiff was required to, and did assist other workmen at said plant in digging a certain hole in the earth, ten feet wide and more than five feet deep; that on March 8, 1907, defendant carelessly and negligently directed plaintiff and such other workmen to dig said hole at a distance of two feet from a certain pile of iron bars, each bar being four feet long and six inches square, and weighing 650 pounds; that said pile of iron then consisted of such pieces piled to a width and breadth of four feet each and to a height of fifteen feet; that plaintiff at the time of digging said hole and at the time he received his injuries was required to and did conform to the orders and directions of one Johnson, who had full and complete authority from defendant to order and direct plaintiff in the performance of his work, and to require him to obey all such orders and directions; that on said March 8, 1907, said Johnson did, in pursuance of such authority, direct plaintiff to work near said pile of iron, and plaintiff did so work under the order and direction of said Johnson; that the soil underneath said pile of iron and between said pile of iron and the hole that was being dug, consisted of quicksand, saturated with water, and was, therefore, prone to cave in; that the condition and character of

the soil was well known to defendant at and before plaintiff's injury; that defendant carelessly and negligently required plaintiff and said other workmen to dig said hole, without in any way protecting the sides thereof from caving in, or protecting said pile of iron to prevent it from falling upon plaintiff and said other workmen, if the sides of said hole and the soil underneath said pile of iron should give way and let said pile of iron fall into said hole; that plaintiff was without any knowledge as to the tendency of the soil to cave in from a pressure on the bank near the hole that was being dug; that he was of less than ordinary intelligence and experience, was incapable of speaking the English language, and, by reason of his inexperience and lack of intelligence, was incapable of comprehending the danger of said soil's caving into said hole from underneath said pile of iron, and precipitating said pile of iron into said hole upon him; that by reason of the fact that defendant had specially ordered him to work in said place, he believed it was safe to work therein at all times up to the time of his said injury; that on said day plaintiff and other workmen did, in obedience to said order and direction, proceed to dig said hole as directed, and when they dug it to a depth of five feet the earth underneath said pile of iron bars, by reason of the digging of said hole so near thereto, and by reason of the character and condition of the soil underneath said pile of iron bars, and intervening between it and said hole, gave way and slid into said hole, and said iron bars by reason thereof fell over into said hole, and some of said iron bars fell upon plaintiff's leg, and broke both bones thereof; that plaintiff's said injuries were caused by the carelessness and negligence of defendant, before alleged; that plaintiff at all times before his injury had no notice or knowledge of the danger of so working in said hole."

It is contended by appellant that the allegation that "defendant carelessly and negligently directed plaintiff * * *

1. to dig said hole at a distance of two feet from a certain pile of iron bars," etc., is insufficient to charge negligence because no facts are alleged to show wherein defendant was negligent in so doing. Where sufficient facts are alleged to show the existence of a duty on the part of defendant, the characterization of an act as negligently done sufficiently charges negligence. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84. No motion was filed by appellant to require the complaint to be made more specific and certain. The complaint sufficiently averred negligence to repel a demurrer. *Effinger* v. *Fort Wayne, etc., Traction Co.* (1911), 175 Ind. 175.

2. It is further claimed that the averment in the complaint, that foreman Johnson had "full and complete authority from defendant to order and direct plaintiff in the performance of his work, and to require him to obey all such orders and directions," is not an allegation of fact, but merely states a conclusion of the pleader. This position is not tenable. *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395.

3. Appellant also contends that the allegation that "the condition and character of the soil were well known to defendant at and before plaintiff's injury" is insufficient to allege that defendant knew of the condition of the soil when it ordered plaintiff to dig the hole, or that it ever had knowledge thereof until too late to warn him. Conceding that an averment of knowledge on the part of appellant was necessary, the averment was sufficient. *Republic Iron and Steel Co.* v. *Ohler* (1903), 161 Ind. 393; *Indianapolis Terra Cotta Co.* v. *Wachstetter* (1909), 44 Ind. App. 550.

4. It is finally contended that the complaint is deficient in failing to allege facts showing the practicability of protecting the sides of the pit during the progress of digging, and *Peterson* v. *New Pittsburg Coal, etc.,*

*Co.* (1898), 149 Ind. 260, 63 Am. St. 289, is cited to support this proposition.

The facts averred in the complaint make the practicability and necessity of protecting the sides of the pit so obvious as to render such allegation unnecessary. The complaint was sufficient to withstand appellant's objections thereto.

The motion for a new trial requires the consideration of the court's instructions to the jury and the sufficiency of the evidence to support the verdict.

In its first instruction, the court, in stating the substance of the complaint, told the jury that "plaintiff alleges that the iron bars fell upon him because the hole was dug *too* close to them." Appellant contends this was misleading and erroneous, because the complaint alleges that the caving resulted because the hole was *so* close to the iron bars. (Our italics.) This stricture does not deserve serious consideration.

The sixth instruction was as follows: "It is the duty of the master *to furnish its servants with a reasonably safe place in which to perform their work.* The master's duty is to exercise reasonable care and diligence in providing his servant with safe appliances and surroundings, while at the same time the servant ordinarily assumes all risks incident to his employment, and those which are patent and within the reasonable range of his observation."

Appellant insists that the portion of the instruction italicized is erroneous, and says: "The duty of the master is to use reasonable care to furnish his servant with a safe place in which to work. His duty to furnish such a place is discharged when he has exercised reasonable care to that end."

The definition complained of has frequently been approved by this court. *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 14 L. R. A. (N. S.) 972, 127 Am. St. 352; *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307; *Pennsylvania Co.* v. *Whitcomb* (1887), 111 Ind. 212. But

if it should be conceded that appellant's contention is correct, the instruction taken as a whole is harmless, for in the next sentence the court defines the master's duty to be "to exercise reasonable care and diligence in providing his servant with   *   *   *   safe surroundings."

The eighth instruction given by the court was as follows: "You are instructed that if the testimony of a witness appears to be fair upon its face, is not unreasonable, and is consistent with itself, and the witness has not been in any manner impeached, then you have no right to disregard the testimony of such witness from mere caprice and without cause. It is the duty of the jury to consider the whole of the evidence, and to render a verdict in accordance with the weight of all the evidence in the case."

Counsel for appellant in their brief say that "instructions must be applicable to the issues; there must be some legal reason for the giving of an instruction. The eighth instruction states a rule for weighing the testimony of a witness in order to reconcile the evidence, etc., whereas, in fact, there was not a syllable of conflicting testimony in the case."

Appellee testified that he was thirty years old, a native of Hungary, spoke only the Slavic language, had worked on farms in Europe, and had not been in America a great length of time; that he was wheeling ashes about a half hour before the accident, and was ordered by foreman Johnson to dig in the excavation, and he obeyed the order; that he thought because he was ordered to dig in the pit that it was safe; that he did not notice the pile of iron before the accident; that he was working with his back towards the iron pile.

Another witness, in answer to a question concerning the amount of intelligence possessed by plaintiff said: "When the boss tell him this or that, he do it."

In view of said evidence, we do not think the court erred in giving the eighth instruction.

Appellant complains because the court gave no instruction on the theory that the master is not responsible for the

negligence of a foreman in failing to use proper ap-
8.  pliances furnished, and also because the court failed
    to instruct the jury on the subjects of assumed risk
and contributory negligence.

It will be noted that the trial court did, in its sixth in-
struction, heretofore recited, advert to the subject of assump-
tion of risk.  Appellant requested no instructions, except a
peremptory one, which was refused.  It was the duty of
counsel for the parties to assist the court in so presenting the
case to the jury as to secure a just verdict.  The presumption
must obtain, that if appellant's counsel had requested the
trial court to instruct the jury in reference to any theory
of defense disclosed by the evidence, the court would have
granted the request.  The failure to make any such request
must be held a waiver of the right to have the jury so in-
structed.  *Crum* v. *State* (1897), 148 Ind. 401; *Cincinnati,
etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *W. J. Holliday &
Co.* v. *Highland Iron, etc., Co.* (1909), 43 Ind. App. 342.

Appellant insists that the verdict is not sufficiently sus-
tained by the evidence, because (1) appellee voluntarily
        chose to dig near the pile of iron, and, in the absence
9.  of evidence that appellant knew that appellee had dug
        to the danger point in time to warn him, appellant is
not liable; (2) appellee was free to act on his own judgment
as to the details of the work; (3) the danger was open and
obvious, and appellee must be held to have assumed the risk;
(4) there is a failure of the evidence to show that the fore-
man knew of the danger in time to warn appellee; (5) the
evidence shows that appellant's foreman could have used
plank to "shore up" the sides of the pit, and appellant is
not responsible for the negligence of the foreman; (6) if
the accident was caused by the negligence of the foreman in
ordering appellee to dig in the pit, such negligence cannot be
imputed to appellant; (7) appellee must be held to have
assumed the risk involved in working in a pit which was a
part of appellant's factory construction work; (8) appellee

negligently failed to exercise ordinary care for his own safety, whether acting in obedience to a special order, or not.

The evidence warranted the jury in finding the following facts: Defendant is a corporation engaged in iron manufacture. Plaintiff at the time of the accident was thirty years old. He was a native of Hungary, spoke the Slavic language, but could neither speak nor understand English. He came to America a little less than two years before the accident. Since his arrival here he had been in the employ of appellant the greater part of the time, performing common labor, such as shoveling coal and wheeling ashes. He was a person of less than ordinary intelligence, and believed that he had to obey the orders of the foreman, regardless of the character of the order.

Appellant decided to install a hammer, which required a pit twenty by twenty-six by eight feet in which to construct the foundation. The location of the excavation was marked on the ground in appellant's shop by its general superintendent, Jernberg, and the supervision of the construction of the pit was entrusted to one Johnson, who had sole and exclusive authority to place employes at work in the excavation, and thereafter to direct their work. On the outside of the shop, 150 feet away from the pit, were planks sharpened at one end, and intended by appellant to be used to prevent the walls of the excavation from caving, by driving them down near the edges of the walls. It was not intended by appellant, however, that these planks should be used until the pit reached a depth of about six feet, or until enough water was struck to make it dangerous. The ground in which the pit was being dug consisted principally of sand, which moved easily when wet. Within three feet of one side of the pit was a pile of iron billets, each six inches square and four feet long. These were piled by laying them side by side, in tiers four feet wide, the billets in each successive tier being laid at right angles to those in the tier below. The pile of billets was twelve feet high. Two days before the

accident Johnson placed four or five laborers at work making the excavation, which, after two days work thereon, reached a depth of about four feet.

On the morning of the accident appellee was working under a foreman, other than Johnson, wheeling ashes. Johnson went to him, took him to the pit, where three other laborers were digging, and directed him to work in the pit, by pointing down into it. Appellee obeyed the direction of Johnson by getting down into the pit and commencing to dig. He had worked there for about half an hour, when the pile of iron billets toppled over, and a number of them fell upon him. His fellow workmen attempted to extricate him by prying the load of billets off his body, but failed, and it was necessary to remove them with a crane. As a result of the accident appellee sustained very severe injuries.

Appellee, before the accident, had not noticed the pile of billets, and did not apprehend danger. On the day before the accident, when the pit was from three to three and a half feet deep, water commenced to ooze in at the bottom, and the sand was caving in to a limited extent from the sides of the pit. Nothing was done towards protecting the sides from caving. The laborers in the pit were not authorized to get the planks and use them to protect the walls from caving. Foreman Johnson was authorized to use the planks for protection when the situation became dangerous, but in other pits constructed they had not been used until a depth of about six feet had been reached.

The iron had been piled before appellant's general superintendent had marked the place for the excavation. This superintendent had occupied that position for five years, and had marked the places for more than two hundred machinery foundations in the plant, and knew that all the ground covered by the plant consisted of loose sand, that flows easily when there is water, and that there was water at not over six feet below the surface.

Appellant, before the accident, knew that appellee could neither speak nor understand English, and knew he was a person of less than ordinary intelligence. Any person of ordinary intelligence could have observed that it was dangerous to go into the pit to work when appellee was ordered to work therein, but, by reason of his lack of intelligence, appellee did not apprehend any danger.

Assumption of risk, as a defense against liability for negligence, depends wholly on the servant's knowledge, actual or constructive, of the existence of danger, and without such knowledge the risk is not assumed. *City of Fort Wayne* v. *Christie* (1901), 156 Ind. 172; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588; 1 Labatt, Master and Serv. p. 638; *Union Pac. R. Co.* v. *O'Brien* (1896), 161 U. S. 451, 16 Sup. Ct. 618, 40 L. Ed. 766.

The evidence shows without controversy that appellee, before the accident, did not notice the pile of iron, the falling of which caused the injury. While the danger was sufficiently obvious to charge a person of ordinary intelligence with knowledge thereof, the complaint alleges and the evidence shows that appellee was not a person of ordinary intelligence, and while that fact would not absolve him from the duty of exercising such intelligence as he possessed, in apprehending danger, the question as to whether he should, under the facts disclosed, be charged with constructive knowledge of his peril, was one of fact for the determination of the jury, and we do not feel warranted in disturbing its finding. *City of Fort Wayne* v. *Christie, supra; Di Bari* v. *J. W. Bishop Co.* (1908), 199 Mass. 254, 85 N. E. 89, 127 Am. St. 497, 17 L. R. A. (N. S.) 773; *Fitzgerald* v. *Connecticut River Paper Co.* (1891), 155 Mass. 155, 29 N. E. 464, 31 Am. St. 537; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297.

Foreman Johnson, in ordering appellee to work in the excavation, acted in the place of appellant, represented it,

was its vice-principal, and was not a fellow servant of plaintiff. *City of Fort Wayne* v. *Christie, supra.* Appellant's representative knew the day before the accident that the danger point had been reached, because water was seeping into the excavation, and causing the sand to move. In the face of such conditions, on the next morning, without making any effort to protect the sand walls of the pit from caving, appellee was ordered to go into the pit and dig. In protecting himself from danger, appellee was handicapped not only by his lack of ordinary intelligence, but by his inability to understand the English language, if warning were given. His fellow laborers escaped injury when the sand foundation of the pile of iron slipped into the pit and let the pile topple over. It was negligence on the part of appellant to order appellee, handicapped as he was, to work in this place.

The verdict finds appellee guiltless of contributory negligence. The evidence supports this finding.

The correct result was reached by the court below. There was no error that affected the substantial rights of appellant. Judgment affirmed.