GEORGE F. SMOLLETT *vs.* JOHN C. BALLOU.

Norfolk.    October 16, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.  *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action by an employee against his employer for personal
     injuries, the plaintiff relies solely upon allegations of his declaration that his
     injury was caused by incompetence of an engineer in charge of the stationary
     engine of a steam derrick in a granite quarry, the burden is upon the plaintiff to
     prove that the engineer was incompetent, that the employer knew or ought to
     have known that he was incompetent, and that the accident was caused by such
     incompetence.
And such burden is not maintained by the plaintiff where the only evidence of in-
     competence of the engineer tends to show that he was a drinking man and at
     times had been under the influence of liquor, but does not tend to show that he
     was under the influence of liquor on the day of the accident.
The mere facts, that such engineer was a drinking man and at times had been
     under the influence of liquor, and that the plaintiff's injuries were caused by his
     starting the engine more quickly than usual and perhaps without any signal
     being given him to do so, will not warrant an inference that when he so started
     the engine he was under the influence of liquor.

TORT for personal injuries received on July 22, 1911, while
employed as one of the workmen at work with a steam derrick in
a granite quarry of the defendant.  Writ dated July 16, 1912.

In the Superior Court the case was tried before *Irwin,* J., the
plaintiff electing to rely only on a count of the declaration which
alleged that his injury was caused by incompetence of one of the
defendant's servants.  At the close of the plaintiff's evidence the
judge ruled that the plaintiff was not entitled to recover and by
agreement of the parties reported the case to this court for deter-
mination, judgment to be entered for the plaintiff in the sum of
$1,500 and costs if the ruling was wrong; otherwise, judgment to
be entered for the defendant.

*C. S. Knowles,* for the defendant.

*W. Flaherty,* for the plaintiff.

LORING, J.  The plaintiff seeks in this action to recover for
personal injuries suffered by him under the following circumstances:
He was employed by the defendant in his business of quarrying

stone. At the time in question he was at work with another man in making fast the lines of a derrick boom to a block of granite weighing some three tons. This was done by inserting the "dogs" in holes made for the purpose. These "dogs" had to be held in position by the man making the derrick line fast to the stone until the slack of the line had been taken up by the hoisting engine and the "dogs" had caught so as to hold. When the plaintiff and the man working with him had placed the "dogs" in the holes and were holding them (as they had to do in the method of proceeding stated above), the engineer who was running the derrick put on the power more quickly than usual and perhaps without any signal being given him to do so. The result was that this block of granite, not being directly under the derrick boom, swung "in the direction in which it must go in order to balance its centre" struck the plaintiff (who apparently was standing in its path in place of behind it) and caused the injuries here complained of.

At the trial the plaintiff elected to go to the jury on the fourth count in which he declared on the negligence of the defendant in employing an incompetent servant, namely, the engineer who operated the derrick, one Norrie, by name.

Under the count of the declaration on which the plaintiff elected to go to the jury the burden was upon him to prove that Norrie was incompetent; that the defendant knew or ought to have known that he was incompetent; and that the accident was caused by his incompetence.

The only evidence of incompetence on the part of Norrie (the engineer) was that he was a drinking man and at times had been under the influence of liquor while at work. The plaintiff took the stand in his own behalf and testified "that on the day of the accident he was unable to state whether Norrie had been drinking or not." The only other witness put on the stand by the plaintiff testified that on the day of the accident "he [Norrie] looked all right. That is, he looked all right from where I was the day of the accident;" that on the day of the accident he had seen no "appearance" of Norrie being drunk because he was not near enough to him — "I wasn't in the engine house at all that day," — and in answer to the question, "And you haven't the remotest idea whether he was very sober or very drunk that day?" he answered, "The day of the accident? No."

The plaintiff has sought to avoid his failure to prove by direct evidence that Norrie was drunk at the time here in question by contending that the jury were warranted in finding from the circumstances of the accident that he was drunk then. In that connection he has relied upon the case of *McPhee* v. *Scully,* 163 Mass. 216. There is nothing in his contention and there is nothing in that case which supports it. The entry must be

*Judgment on the verdict.*