## NICHOLICH *v.* SHASOVICH.

[No. 10,199.   Filed January 27, 1920.]

1. PLEADING.—*Cause Begun Before Justice of the Peace.—Money Loaned.—Answer Not Required.*—Under §1749 Burns 1914, §1460 R. S. 1881, no answer is required in the superior court to a complaint in a case originating before a justice of the peace to recover money loaned. p. 294.

2. EVIDENCE.—*Burden of Proof.—Affirmative Defense.—Prima Facie Case.*—While the burden was on plaintiff to prove the material allegations of his complaint, and such burden did not shift, yet, when he had made a *prima facie* case, the burden was upon defendant to establish any affirmative defense by which he sought to avoid the case made by the plaintiff. p. 295.

3. TRIAL.—*Instructions.—Additional Instructions.—Burden.*—When defendant wishes an additional instruction as to the burden of the issues, he should tender it to the court. p. 295.

From Marion Superior Court (105,214); *W. W. Thornton,* Judge.

Action by Illia M. Shasovich against Blogaye Nicholich. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alec J. Lupear* and *James M. Ogden,* for appellant.
*Franklin McCray* and *Stuart A. Coulter,* for appellee.

NICHOLS, C. J.—This cause, originating before a justice of the peace in Marion county, was appealed to and tried in the superior court of Marion county, on one paragraph of complaint, averring that appellant was indebted to appellee in the sum of $171.20 for money loaned to appellant by appellee at appellant's request, which sum was long past due, and wholly unpaid, and that appellant has refused to pay on demand. No answer was filed

and none was required. §1749 Burns 1914, §1460 R. S. 1881. There was a trial before a jury, which gave the verdict of $100 in favor of appellee against appellant. After motion for a new trial, which was overruled, judgment was rendered on said verdict, from which judgment this appeal is prosecuted.

It appears by the evidence that appellant had been employed by a third party, and appellant claims that appellee paid him the $100 involved as an inducement to him to quit his former employment and engage with appellee at $13 per week, while appellee claims that he loaned the $100 to appellant.

Tte only error assigned is the ruling of the court in overruling the motion for a new trial. Under this assignment, the only error presented is the 2-3. error of the court in giving instruction No. 3, which is as follows: "The defendant says that he received it under a contract with the plaintiff, by which he employed him at thirteen dollars a week to operate what is known as a bread line. To that extent the plaintiff and defendant agree. But the defendant says that he received this one hundred dollars as a part of that contract of employment. The burden is upon the defendant to show that he did receive it upon that contract."

Appellant says that the burden was upon the appellee to establish his case, and argues that the use of the word "burden" in this instruction misled the jury as to where the burden rested. It is true that the burden was upon the appellee to prove the material allegations of his complaint, and that such burden did not shift, but when he had made a *prima facie* case, and when appellant sought to avoid by an affirmative defense, the burden was then on appellant to establish such defense. *Cunningham* v. *Hoff*

(1889), 118 Ind. 263, 20 N. E. 756; *Welty* v. *State* (1913), 180 Ind. 411, 100 N. E. 73. Appellant complains that the instruction is the only one in which the word "burden" is used, but it is not improperly used, and if appellant desired some other instruction as to the burden of the issues he should have tendered it. *Crum* v. *State* (1897), 148 Ind. 401, 47 N. E. 833; *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 424, 96 N. E. 321; *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324, 330, 79 N. E. 539.

We find no error. The judgment is affirmed.