BROTHERHOOD'S RELIEF AND COMPENSATION FUND v. ROBERT J. SMITH.

[No. 170A3. Filed December 28, 1971.]

*Timothy P. Galvin, Jr., Galvin, Galvin & Leeney,* of counsel, of Indianapolis, for appellant.

*Albert C. Hand,* of Hammond, for appellee.

ROBERTSON, J.—This is an appeal from the Lake Superior Court, wherein plaintiff-appellee Smith brought an action to recover certain benefits allegedly due him under the terms of a relief and compensation contract, purchased by Smith from the Brotherhood's Relief and Compensation Fund, defendant-appellant herein. The trial court entered judgment for plaintiff Smith and against defendant Brotherhood, in the sum of $3600 plus attorney fees in the sum of $450. The resulting appeal is from the overruling of Brotherhood's Motion for New Trial.[1]

1. An opinion in this appeal was previously handed down by this court on March 10, 1971. *Brotherhood's Relief and Compensation Fund* v. *Smith* (1971), 267 N.E.2d 187. In that opinion, we affirmed the trial court's judgment for appellee for the reason that appellant's brief failed to comply with Appellate Rule 8.3 (A) (7). Subsequent to appellant's

The record reveals that Brotherhood is a non-profit Pennsylvania corporation, which insures employees of the railroad industry against "held out of service" and retirement benefits. This corporation operates as a fraternal organization, to which its members are elected and thereafter pay monthly dues in order to derive the benefits of membership. On May 31, 1963, Smith was duly elected and admitted to the Brotherhood's Relief and Compensation Fund, and has since remained a member in good standing. Smith was furnished the necessary papers regarding membership, which included a copy of the constitution, and a copy of the amended constitution. Following a derailment incident on December 12, 1966, for which Smith accepted full responsibility, he was demoted by his employer, the Indiana Harbor Belt Railroad, from the position of car tender operator to a position of lesser responsibility and pay.

After his demotion, Smith filed a claim with Brotherhood for "held out of service" benefits. His claim asserted entitlements as scheduled in his certificate of membership, at the rate of $6 per day under his regular membership, and $12 per day under his special membership, not to exceed a maximum period of 200 days. This claim, initially and subsequently on appeal to the Board of Directors of the Brotherhood's Relief and Compensation Fund, was rejected.

During the interim between the first claim and the commencement of this action, Smith was involved in a second derailment incident on April 23, 1967, which resulted in the dismissal of himself and the crew with whom he was working. The dismissal lasted for 85 days, at which time Smith was reinstated. Upon a claim made by Smith for benefits for the 85 day period of dismissal, defendant paid Smith the sum of

petition for rehearing being denied, a petition for transfer was filed. The Supreme Court granted transfer and ordered the cause remanded to this court, with instructions to order the appelant to file a new brief. In accordance with the Supreme Court order, both parties have filed new briefs and had oral argument thereon.

$1674 which, as was not contested by either party, was the full amount to which Smith was entitled on that claim.

The issues to be resolved in this appeal, are whether or not the trial court erred in allowing plaintiff to recover "held out of service" benefits under his first claim, and whether the court erred in allowing attorneys' fees for Smith.

The first issue, involving the recovery of benefits, is divided into two arguments, namely:

> "A judgment is erroneous as a matter of law when award is made to a claimant under a relief and compensation contract if such contract provides that no award shall be 'in excess of the member's average monthly earnings' and claimant presents no evidence of his average monthly earnings."

and,

> "If a relief and compensation contract provides for payments when a claimant is 'relieved by his employer from the performance of his said usual duties' and if a claimant is demoted for one offense, then suspended for a second offense, and finally reinstated at the lower (demoted) rank, a judgment is erroneous as a matter of law if it awards the claimant full benefits for his demotion without a credit for the sums paid during the period of suspension."

This court is of the opinion that neither argument is persuasive.

The amended constitution has a clause which reads:

> "ARTICLE XIII—Benefits for 'held out of service'—Sec. 1.—Any member who is in good and regular standing, and having a continuous current beneficial membership coming within any group of the classification herein provided, shall be eligible for benefits for 'held out of service', as hereinafter defined, beginning with the first day after the day of the occurrence of the cause of such 'held out of service', as established and fixed for each class of membership by the following schedule, *not, however, in excess of the member's average monthly earnings, proof of which the Organization may require as a condition of payment of benefits: . . ."*
> (Emphasis added.)

Brotherhood bases their argument upon the emphasized portion of the article. (The same article in the original constitution did not have a similar provision.)

Smith alleged in his complaint, and presented testimony at the trial that he was "held out of service" in excess of 200 days and that he was entitled to benefits, as a result of his two memberships, at a combined rate of $18 per day, for a maximum of $3600. Assuming that the amended constitution was in effect, Brotherhood wholly failed to present any evidence regarding any limitations on benefits, namely the difference between Smith's average monthly earnings, and the maximum amount of benefits. A defendant has the burden of proving a counter-claim, set-off or an affirmative defense, by a preponderance of the evidence on that particular issue. *Cohen* v. *Reichmann* (1913), 55 Ind. App. 164, 102 N. E. 284. *Nicholich* v. *Shasovich* (1920), 72 Ind. App. 294, 125 N. E. 803.

Brotherhood's second allegation of error involving credit for the second claim to be applied to any sum due from the first claim cannot be upheld either, for the reason that a reading of applicable provisions of both the original and amended constitutions do not prohibit receiving benefits from two separate claims, arising out of separate incidents, at the same time.

As a part of Brotherhood's argument, it is suggested that it is against public policy for a claimant to receive more in claims than if he was working.

> "What the public policy of a state is must be determined from a consideration of its constitution, its statutes, the the practice of its officers in the course of administration and the decisions of its court of last resort." *Hogston* v. *Bell* (1916), 185 Ind. 536, 545, 112 N. E. 883.

Brotherhood has not shown this court any authority which would put the contract in the instant case into any of the

above described situations. The gravamen of Brotherhood's position is, members would purposely get themselves demoted, thereby raising membership fees in Brotherhood. Should that be the case, which we doubt in the first place, Brotherhood would not be precluded from rewriting their contracts with the members to rectify the problem.

Brotherhood's final proposition is:

"A judgment is erroneous as a matter of law if it awards the Plaintiff-Appellee attorneys' fees under the provisions of Ind. Ann. Statutes § 39-5505, which provides for payment of fees by an unauthorized foreign or alien insurer who vexatiously and unreasonably withholds insurance payments when the defendant is clearly not an insurer subject to the statute in question."

The statute referred to is from the Unauthorized Insurers Process Act (Ind. Ann. Stat. § 39-5401 *et seq.* [Burns 1965]), and reads as follows:

"Failure to defend or make payment—Vexatious delay— Prima facie evidence—Attorney's fees.—In any action against an unauthorized foreign or alien insurer upon a contract of insurance issued or delivered in this state to a resident thereof or to a corporation authorized to do business therein, if the insurer has failed for thirty [30] days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract, and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney fee and include such fee in any judgment that may be rendered in such action. Such fee shall not exceed twelve and one-half per cent [12½%] of the amount which the court or jury finds the plaintiff is entitled to recover against the insurer, but in no event shall such fee be less than twenty-five dollars [$25.00]. Failure of an insurer to defend any such action shall be deemed prima facie evidence that its failure to make payment was vexatious and without reasonable cause."

The determination of whether or not Brotherhood is liable under this statute hinges upon the determination as to whether

they are an insurance company or a fraternal benefit society, the latter being exempted from Indiana insurance laws. IC 1971, 27-1-14-27, 27-1-14-28, Ind. Ann. Stat. §§ 39-4427, 39-4428 (Burns 1965.)

The applicable portion of Ind. Ann. Stat. § 39-4427 (Burns 1965), reads:

"Associations excepted.—Nothing contained in this act shall be construed to affect or apply to . . . *societies which admit to membership only persons engaged in one or more hazardous occupations, in the same or similar lines of business. . . .*"

There is sufficient evidence in the record from which this court can determine that Brotherhood, as a matter of law, is in the exempted category. As an example, Article IV of the constitution restricts its membership to ". . . employees of the Motive Power and Transportation Departments of any transportation company, engaged solely in hazardous occupations. . . ."

Having held as we have, this case is reversed insofar as it pertains to the award of attorney's fees, and remanded for judgment accordingly by the trial court. The judgment is affirmed in all other respects.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 180.