Brazil Block Coal Co. *v.* Gibson.

---

# The Brazil Block Coal Company *v.* Gibson.

[No. 20,014.    Filed March 20, 1903.]

Master and Servant.—*Negligence.—Assumption of Risk.—Complaint.* —A complaint for personal injuries caused by the attachments to a bucket used in hoisting dirt from a mining shaft in which plaintiff was at work giving away is not insufficient for want of facts on the ground that the defect was obvious and open to plaintiff, where it was alleged that the place where plaintiff was at work was so dark that he could not see the attachments, that he did not know what constituted a proper attachment, and that it was not his business to investigate. *pp. 320–325.*

Same.—*Evidence.*—No error was committed in permitting a witness who worked in a mine in which plaintiff was injured to testify that he was unable to determine in the darkness whether a certain attachment to a bucket used in hoisting dirt, which gave way and injured plaintiff, was defective without making an actual examination thereof. *p. 325.*

Evidence.—*Personal Injuries.*—Where in the trial of an action for personal injuries to plaintiff, while working in a mining shaft, caused by the alleged defective construction of a ring, used in attaching a bucket to a rope for hoisting dirt, defendant on cross-examination asked a witness for plaintiff the size, shape, and capacity of another bucket used in the mine, no error was committed in permitting plaintiff to show on reëxamination of such witness, that the ring on the other bucket was welded, while the ring on the bucket which caused the injury was an open ring, the ends thereof overlapping. *p. 326.*

Same.—*Personal Injuries.—Remedying Defective Appliance After Accident.*—Where in an action for personal injuries to plaintiff, while working in a mining shaft, caused by the alleged defective construction of a ring with which a bucket was attached to a rope, witnesses who saw the ring at different times testified differently as to its condition, evidence was properly introduced showing

.·.·ιΛ˙.·.

that after the accident the ring was changed by hammering its overlapping ends together. *pp. 326, 327.*

MASTER AND SERVANT.—*Assumption of Risk.—Safety of Appliances.—Relative Duties.*—Though a servant assumes all risks of which he knew, or of which, by the exercise of ordinary diligence, he could have known, and where the hazard is alike open to the observation of both, the master is not liable to the servant for injury resulting therefrom, yet the servant is not bound to search for defects, or make a critical inspection of the appliances that are provided for his use, but may rely upon the master's proper performance of his duty to furnish reasonably safe and proper appliances and properly to inspect the same, unless the defects are such as to be obvious to the servant while giving proper attention to the duties of his employment. *pp. 327, 328.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by James Gibson against the Brazil Block Coal Company for personal injuries. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. A. Knight,* for appellant.
*J. M. Rawley, T. W. Hutchison, A. W. Knight, S. D. Coffey* and *S. M. McGregor,* for appellee.

MONKS, J.—This was an action brought by appellee to recover damages for personal injuries. The complaint was in three paragraphs. Appellant's demurrer to each paragraph for want of facts was overruled as to the first and third paragraphs, and sustained as to the second paragraph. The third paragraph was withdrawn by the appellee at the trial. The appellant filed a general denial. A trial of the cause by a jury resulted in a verdict in favor of appellee, on which the court, over appellant's motion for a new trial, rendered judgment for appellee.

The errors assigned and not waived are: (1) That the court erred in overruling the demurrer to the first paragraph of the complaint; and (2) that the court erred in overruling the motion for a new trial.

The first paragraph of the complaint alleges that appellant is a domestic corporation engaged in the business of

Brazil Block Coal Co. *v.* Gibson.

mining coal in the counties of Clay and Parke, in this State; that on the 13th day of September, 1900, and for two or three months prior thereto, appellant, in prosecuting its business of mining coal, was engaged in sinking a shaft near the town of Caseyville, Parke county, Indiana; that said shaft was being formed by making a vertical excavation, and hoisting the accumulated earth to the surface; that on the foregoing date the work of excavating had proceeded to such an extent that the shaft was about eighty-six feet deep; that the loose earth that accumulated at the bottom of the shaft during the excavation was loaded into a large bucket that was lowered into said shaft and hoisted to the surface by an engine; that said bucket was made of iron, and was capable of holding about 1,500 pounds of earth at a load; that said bucket was furnished with a bail, which was attached to each side and somewhat below the middle of the bucket, so that when filled the bucket could be easily tipped, and the earth thus thrown from it; that said bucket was further equipped with a narrow strip of iron three or four inches long, called a "stub," which was welded to one side of the bucket near the top of the rim so that it extended two or three inches above the rim, near the bail and parallel with it; that, to prevent said bucket from tipping and spilling the earth that it contained while being hoisted to the surface, an iron ring was put on the handle or bail so that it could be placed over the stub before referred to, thus firmly to hold the bucket upright; that said bucket was lowered and hoisted by a rope and a hook attached to the bail, the rope connecting with the engine aforesaid; that said iron ring was not solid, the ends thereof not being welded but overlapping each other one or two inches.

It is further alleged that on said 13th day of September, 1900, and for some time prior thereto, appellee was in the employment of appellant, in sinking said shaft, as a common laborer; that on said day appellee was working at the

bottom of said shaft, shoveling earth into said bucket; that appellee, with others working at the bottom of said shaft, had filled said bucket with earth, and the same had been hoisted to the top of the shaft, when suddenly, and without any warning, the iron ring referred to spread apart and became loosened from the iron stub round which it had been placed, thus causing the bucket to tip, and the earth it had contained to be precipitated down the shaft; that said bucket at this time contained about 1,500 pounds of earth, which in so falling struck the appellee on the head and the back, and that by reason thereof the appellee was greatly hurt and bruised; that by reason of said injuries he has lost two months of labor during which he could have earned $100, and that he has expended $200 for nurse hire, medicines, and medical attention in treating said injuries.

It is further alleged that said accident occurred because said ring was unfit and improper for the use to which it was put; that it was unfit because the ends overlapped, and were not solidly welded, thus permitting the ends thereof to spread, and to loosen the ring from round the stub; that said ring was old, rusty, worn, cracked, "and was too frail to resist the strain placed upon it;" that said ring had been constantly used for about twelve months, and on account of such long-continued use and its cracked condition it had become weak and unfit for use, and was not of an approved style, form, quality, and construction; that the appellant had knowledge of the defective condition of said ring, and its unfitness for use, or could have known thereof by the exercise of ordinary diligence, but negligently and carelessly used the same notwithstanding such defective and unfit condition; that the appellee had no knowledge whatever that said ring was unfit for use, unsafe, defective, and had been in use a long time, and was not of an approved style, quality, and construction, or that the same was cracked; that he had nothing whatever to do with the handling of said bucket and the adjusting of said ring on the stub; that he was

wholly unfamiliar with such appliances, and was ignorant of the proper kind, quality, and construction of such rings as were used on this bucket, or of any other rings; that from the observations he had made of said ring it appeared to be amply safe and fit to do the work required of it, and that he noticed no defect therein, and supposed it a ring proper for the use to which it was put; that the appellee did his work at a great depth beneath the surface, and on account of the darkness did not have the opportunities and facilities to inspect said ring closely, but from what he observed he believed said ring to be welded, and was unable to observe any crack therein, and that he was compelled to rely upon the assurance that the appellant, in furnishing and providing said bucket and its equipments, had done its duty in furnishing appliances safe and proper for the work to be performed; that, if said ring had been sound, solid, and of a proper kind, the said accident should not have occurred, and that said accident did occur solely because of the negligence of appellant in the particulars hereinbefore set forth, and that said accident occurred without any fault or negligence on the part of appellee. Wherefore, etc.

It is manifest that this paragraph of the complaint proceeds upon the theory that the appellant failed to discharge its duty as a master to use ordinary care to furnish to the appellee reasonably safe appliances with which to perform the labor required of him as a servant. It is argued by appellant that this paragraph is insufficient on demurrer for want of facts, on the grounds: (1) That the alleged defect in the ring was obvious; (2) that it was as open to the observation of the appellee as it was to the observation of the appellant, and that the appellee had, therefore, assumed the risk of the defective appliance.

It is very clearly alleged in this paragraph of the complaint that appellee had no knowledge whatever that said ring was defective or unfit for use; that appellee had nothing to do with the handling and adjusting of said ring; that

he was wholly unfamiliar with such appliances; and that, because of the darkness in the shaft in which he worked, the appellee had no opportunity to inspect the ring closely to learn of its exact condition. While the general allegation that the servant had no knowledge of the defective condition of the appliance that the master furnished may not be sufficient where the complaint discloses, by the facts alleged, that the servant should have known of the defect producing his injury, it can not be said here that the facts alleged impair the force of the general allegation. We think the particular allegations reënforce the general one, and explain in detail why the appellee did not and could not know of the defective and unsafe condition of the ring. It does not appear from this paragraph that, in his circumstances, the defect was obvious to appellee; or that he, equally with the master, had opportunity to observe the defective condition of the ring. It was not a part of his work to handle the ring. The place in which he worked was dark so that he could not see the ring clearly. He did not know what constituted a proper ring. It was not his business to investigate. Appellee was the foreman of the men engaged in filling the buckets, and worked with them, and, so far as appears from the complaint, this work did not place him in a situation to know the nature of the appliances which caused his injury.

It is the duty of the master to exercise ordinary care in furnishing appliances reasonably safe and suitable for performing the work required of the servant. The duty is a continuing one, and the servant is authorized to rely on the master's having properly performed it. *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156, 158; *Nall* v. *Louisville, etc., R. Co.,* 129 Ind. 260, 271; *Ohio, etc., R. Co.* v. *Pearcy,* 128 Ind. 197, 203; *Louisville, etc., R. Co.* v. *Quinn,* 14 Ind. App. 554, 557; 20 Am. & Eng. Ency. Law (2d ed.), 71, 73.

The servant assumes the risks and hazards ordinarily incident to the employment which he undertakes; but he does not assume the increased risks and hazards of the master's negligence in furnishing unsafe and unsuitable appliances, unless the servant knew, or, what is the same, could have known by the exercise of ordinary diligence under the circumstances of the case, of the defective appliances, and of the danger attendant thereupon. *Wright* v. *Chicago, etc., R. Co., post,* 583; *Wabash R. Co.* v. *Ray,* 152 Ind. 392, 399, 400; 20 Am. & Eng. Ency. Law (2d ed.), 123, 124. The trial court, therefore, did not err in overruling the appellant's demurrer to this paragraph of complaint for want of facts.

It is asserted that the court erred in permitting a witness for the appellee, who worked in the mine in which appellee was injured, to state in answer to a question by the appellee, that he was not able while at work at the bottom of the shaft to determine in the darkness whether the ring used was a welded or lap ring without making an actual examination thereof. The witness, before the evidence objected to was given, had stated that he was a day employe at the mine, working at the bottom of the shaft, shoveling earth; that he used a "bank lamp;" that "it wasn't light or it wasn't dark" in the shaft, and "was a little bit dark and a little bit light." It is a difficult matter, by mere description, to put a jury in the possession of accurate knowledge of the condition of the light in the mine. Whether the witness, who worked under substantially the same conditions as the appellee, could see the ring without an actual examination thereof, brought the matter more definitely and more accurately before the jury. It was not the statement of an opinion; it was the statement of a fact. This evidence was proper for the consideration of the jury in determining whether or not the defect in said ring was known to appellee, or could have been known in the exercise of ordinary

care under the conditions in the mine while he was perform-ing his duties in said shaft. The servant does not assume the risk of defects in appliances furnished not discoverable in the exercise of ordinary care. *Wabash, etc., R. Co.* v. *Morgan,* 132 Ind. 430, 446; *Louisville, etc., R. Co.* v. *Wright,* 115 Ind. 378, 384, 7 Am. St. 432; *Louisville, etc., R. Co.* v. *Howell,* 147 Ind. 266, 270, 271.

Appellant insists that the court below erred in permit-ting the witness William Snow, for the appellee, to testify, on reëxamination, that a welded ring was used on the other bucket employed in raising the earth from the same shaft in which appellee was injured. The ground of objection at the trial was that this evidence was immaterial, because this bucket was not in controversy. Appellant's counsel, on cross-examination of this witness, inquired into the size and capacity of this bucket, its shape and the material of which it was made. Having done this, it can not complain that appellee was permitted to inquire into other like matters of its construction and equipment, including the character of the ring used thereon. Appellant opened the door for this evidence, and can not be heard to object to the same even if it was immaterial as claimed—a question we do not decide. *Wabash Printing, etc., Co.* v. *Crumrine,* 123 Ind. 89, 94, 95; *Perkins* v. *Hayward,* 124 Ind. 445, 449, and cases cited; *Blough* v. *Parry,* 144 Ind. 463, 483, and cases cited; Ewbank's Manual, §255.

It is objected that the court erred in permitting Harvey Bramblett, a witness for the appellee, to testify that after the accident he, with another, hammered the laps of the ring together and hooked the bucket up so that it could be taken off the truck and out of the way. Witnesses who tes-tified to having seen the ring at different times after the accident, testified differently as to its condition when seen. It was proper, therefore, for appellee to show that its condi-tion had been changed before certain witnesses saw it, and it was immaterial whether it had been changed by appel-

lant's agents or by a stranger. The material question was whether, at the time certain witnesses testified to having seen it, it was in the same condition that it was in immediately after the injury. The doctrine of agency has no application. The court did not err in receiving this evidence.

There was no error in permitting the witness James Walters, for the appellee, to state that frequently the buckets in being hoisted would strike against the sides of the shaft. The construction of the bucket which caused the injury and the manner of operating it were matters necessary to be considered in determining the issues in this cause. It was proper, therefore, to prove the manner in which the buckets were hoisted and lowered in said shaft, and, if they struck against the sides of the shaft on being hoisted or lowered, such fact was clearly not "immaterial." The evidence of this witness that he never noticed any difference between the management of the appellant's shifts, even if it could be said to have been erroneously received, was immaterial and could not have been prejudicial to appellant.

Objections are made to the evidence of other witnesses, but such objections are waived by appellant's failure to argue here the grounds of its objections presented below. *Musser* v. *State,* 157 Ind. 423, 430, 431, and cases cited.

Objection is made to the giving of the seventh, thirteenth, fourteenth, fifteenth, and twenty-first of the instructions, concerning the employe's assumptions of risks, and the master's duty to furnish reasonably safe appliances, and to inspect the same, asked by the appellee. It is insisted that these instructions are not relevant to the issues or applicable to the evidence, and are in conflict with other instructions given. It is true that a servant assumes all risks of which he knew, or of which, by the exercise of ordinary diligence, he could have known (*Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531); and where the hazard is alike open to the

observation of both, the master is not liable to the servant for injury resulting therefrom. *Wabash R. Co.* v. *Ray,* 152 Ind. 392; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561. "An employe is required to observe and avoid all known or obvious perils, even though they may arise from defective machinery and appliances; but he is not bound to search for defects, or make a critical inspection of the appliances that are provided for his use. These are the duties of the employer." *Cincinnati, etc., R. Co.* v. *McMullen,* 117 Ind. 439, 10 Am. St. 67; *Ohio, etc., R. Co.* v. *Pearcy,* 128 Ind. 197. It thus being the duty of the master to furnish reasonably safe and proper appliances, and properly to inspect the same, the servant may rely upon the duty having been performed, unless the defects are such as to be obvious to the servant while giving proper attention to the duties of his employment. *Louisville, etc., R. Co.* v. *Buck,* 116 Ind. 566, 573, 2 L. R. A. 520, 9 Am. St. 883; *Bradbury* v. *Goodwin,* 108 Ind. 286, 290; *Louisville, etc., R. Co.* v. *Howell,* 147 Ind. 266, 270, 271; Bailey, Per. Inj., §802.

Whether, under the evidence, the alleged defect in the ring was obvious, or whether the appellee knew, or by the exercise of ordinary care should have known, of it, and appreciated the risks and hazards on account thereof, were questions properly submitted to the jury under appropriate instructions. *Diezi* v. *G. H. Hammond Co.,* 156 Ind. 583; Bailey, Master's Liability, 188-190; Wood, Master & Servant (2d ed.), §366, and notes. The instructions mentioned, when construed with the other instructions given, are not open to the objections urged, and the instructions as a whole correctly and fairly presented the law of the case to the jury. There was no error, therefore, in the giving of said instructions.

It is contended, also, that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law. It is well settled that this court can not weigh the

evidence, and, where there is evidence in support of the general verdict, which sustains it on all the material issues, the verdict will not be disturbed on appeal. *National State Bank* v. *Sanford, etc., Co.,* 157 Ind. 10, 15; Ewbank's Manual, §46. After carefully reading the evidence, we are not prepared to say that it does not sustain the verdict, or that the verdict is contrary to law.

Judgment affirmed.