## COHEN ET AL. v. REICHMAN ET AL.

[No. 8,048. Filed June 26, 1913. Rehearing denied November 7, 1913. Transfer denied December 10, 1913.]

1. APPEAL.—*Assignment of Errors.—Ruling on Motion to Suppress Deposition.—New Trial.*—The ruling on a motion to suppress a deposition cannot be assigned as independent error on appeal, but should be assigned as one of the grounds for new trial. p. 167.

2. DEPOSITIONS.—*Motions to Suppress.*—A motion to suppress a deposition should be made before the submission of the cause for trial. p. 167.

3. DEPOSITIONS.—*Service of Notice.—Service on Attorney.*—An acknowledgment of the service of notice to take a deposition duly made by the attorney for the party to whom the notice was directed is conclusive against a motion to suppress the deposition for want of service of such notice. p. 167.

4. APPEAL.—*Presentation of Questions Below.—Errors Occurring at Trial.*—Errors occurring at the trial are not available on appeal unless assigned as cause for new trial and presented to the trial court for correction. p. 167.

5. APPEAL.— *Questions Reviewable.— Instructions.*— Only instructions to which objections were made and which were assigned as causes for a new trial can be considered on appeal. p. 168.

6. APPEAL.— *Review.— Harmless    Error.— Instructions.*— Instructions subject to the objection that they required appellants to prove the averments of their counterclaim "by a preponderance of all the evidence in the cause," were harmless, in view of another instruction upon the burden of proof clearly stating that, in determining any fact or issue, the jury must reach its conclusion by considering only the evidence tending to establish such fact or issue and the evidence to the contrary. p. 168.

7. APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruction on the burden of proof relative to a counterclaim filed by appellants, which, when considered in its entirety, simply informed the jury that if appellees had proved the allegations of their complaint, the appellants, before entitled to a reduction of

.the amount of the claim, must have proved by a preponderance of the evidence that, because of appellees' refusal to perform their contract as alleged, they were damaged in one or more of the particulars enumerated in their counterclaim, was not fatally erroneous either on the ground that it required appellants to make their proof "by a preponderance of all the evidence in the cause," or on the ground that it deprived the appellants of the benefit of nominal damages if they proved a violation of the contract.   p. 168.

8.   DAMAGES.—*Failure to Award Nominal Damages.—Appeal.*—A judgment will not be reversed solely for a refusal to assess nominal damages.   p. 169.

9.   APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruction, objected to as assuming certain facts, though loosely drawn in that respect, was not erroneous, where it appears from a consideration of all the instructions that the jury was not led to believe that the court had assumed any fact as true.   p. 169.

10.   APPEAL.— *Review. — Harmless Error. —Instructions. —* Where appellants pleaded a counterclaim for damages resulting from their loss of credit by reason of the suit instituted against them by appellees, the error in an instruction stating that to prove such loss of credit "there must be direct evidence connecting the refusal of the credit with the bringing of the suit," was harmless, where such instruction, considered as a whole with the other instructions, could only mean to the jury that the fact of loss of credit must be directly connected with the bringing of the suit to form any basis for damages, and not that the jury was limited to any particular class of evidence.   p. 170.

11.   APPEAL.—*Review.—Exclusion of Evidence.*—Evidence of loss of credit, offered in support of a counterclaim grounded on a loss of credit by appellants through the institution of the suit against them, was neither relevant nor competent and was properly excluded, in the absence of a showing that such loss of credit resulted from, or that those refusing the credit were in any way influenced by, the filing of the suit.   p. 170.

12.   APPEAL.—*Presenting Questions for Review.—Exclusion of Evidence.*—In order to present error on the refusal of the trial court to admit certain evidence, the question propounded should be set out in the record together with a statement of what the answer was expected to prove.   pp. 170, 171.

13.   TRIAL.—*Reception of Evidence.—Duty to Show Relevancy.*— Where offered evidence does not appear relevant to the issues, the one offering it should either introduce such evidence as will show its relevancy, or, by statement satisfactory to the court, show that the offered evidence will be connected by other proof so as to make it relevant and competent.   p. 171.

From Superior Court of Marion County (81,354);
*Charles J. Orbison,* Judge.

Action by Lee Reichman and others against Hymen Cohen
and others. From a judgment for plaintiffs, the defend-
ants appeal. *Affirmed.*

*Mitchel S. Meyberg* and *Berne B. Cohen,* for appellants.
*William A. Pickens, Linton A. Cox* and *Earl R. Conder,*
for appellees.

FELT, J.—Appellees brought suit against appellants on
an account for goods, wares and merchandise sold and de-
livered in the sum of $2,856.12. The complaint was an-
swered by a general denial and the appellants also filed a
pleading in the nature of a counterclaim, denominated a
cross-complaint, in which it is averred in substance that
appellants were and for many years had been engaged in
the jewelry business in Indianapolis, Indiana, and had
bought large amounts of merchandise from wholesale houses
on credit; that credit was essential to their business; that
on September 2, 1909, appellees entered into a contract with
appellants whereby the latter purchased merchandise to
the amount of $2,856.12 on credit and as a part of the con-
tract of purchase, appellees agreed that the amount should
be charged as an open account for ten months and that at
the expiration of that time they would accept as payment
thereof appellants' note for said amount due on December
31, 1910; that appellants complied with their agreement,
tendered said note and appellees refused to accept the same
and abide by said contract, and demanded immediate pay-
ment of the account in cash; that in violation of said con-
tract, this suit was instituted on August 16, 1910, to collect
said account; that by the failure of appellees to comply
with said agreement and by the institution of said suit,
appellants' business was greatly damaged,—firms which
previously gave them credit, refused to ship goods to them
except for cash on delivery and others refused to sell to

them at all; that they have been put to great expense in hiring a lawyer to defend said suit and have been damaged in their business and credit in the sum of $5,000. To this pleading a general denial was filed. The cause was submitted to a jury for trial, and a verdict returned in favor of appellees for $2,979.88, and against appellants on the counterclaim.

Appellants filed a motion for a new trial which was overruled and this appeal prayed and granted. The errors assigned are the overruling of a motion to suppress certain depositions and overruling the motion for a new trial. The first is not a proper assignment of error on appeal. It was, however, assigned as one of the grounds of the motion for a new trial, where it properly belongs. *Louisville, etc., Traction Co.* v. *Worrell* (1906), 44 Ind. App. 480, 483, 86 N. E. 78. A new trial was also asked for alleged error in giving to the jury instructions Nos. 6 and 7 and in excluding certain evidence.

The motion to suppress the depositions was on the ground that "no notice was served upon the defendants of the taking of said depositions". The motion was properly overruled, because the record shows that the motion was not made until after the cause was submitted to the jury for trial, which under the statute, is too late for a motion of this kind. §455 Burns 1908, §439 R. S. 1881. Furthermore, the transcript shows that appellants' attorney of record duly acknowledged service of notice of the taking of the deposition, which is of itself conclusive proof that the depositions should not have been suppressed for the reason assigned in the motion. §437 Burns 1908, §421 R. S. 1881. In their briefs, appellants argue the question that the proof of service of the notice was not duly made, but no such question was presented to the trial court by the motion to suppress or by the motion for a new trial. Errors occurring at the trial are not available on appeal unless assigned

as cause for a new trial and presented to the trial court for correction. *Siberry* v. *State* (1896), 149 Ind. 684, 690, 39 N. E. 636, 47 N. E. 458; *Stephens* v. *Smith* (1901), 27 Ind. App. 507, 509, 61 N. E. 745.

Appellants argue objections to several instructions, but only instructions to which objections were made and which were assigned as causes for a new trial, can be considered on appeal. Instructions Nos. 6 and 7 given by the court are the only ones presented for our consideration. Objection is urged to instruction No. 6 on the ground that it placed upon appellants a greater burden than the law warrants by requiring them to prove "by a preponderance of all the evidence in the cause", the averments of their counterclaim. The same objection is also urged against instruction No. 7. The phrase to which objection is urged is subject to criticism for the proof required should have been limited to that which was relevant to the particular issue or pleading to which reference was made in the instruction. However, the court in instruction No. 3 upon the burden of proof, clearly expresses the idea that in determining any fact or issue, the jury must reach its conclusion by considering only the evidence "tending to establish" such fact or issue and "the evidence to the contrary." Furthermore, instruction No. 6 when read in its entirety, simply told the jury that in case appellees had proven the material allegations of their complaint "before defendants can reduce the amount of the claim", they must prove, by a preponderance of the evidence, that because of the refusal of appellees to perform the terms and conditions of their contract, as alleged, the appellants have been damaged in one or more of certain enumerated particulars, the first of which is "that defendants' credit and business standing has been damaged." Used in this connection, we do not believe the phrase complained of led the jury to understand that it should consider any evidence other than that relating

to the counterclaim in determining whether its averments were established by the evidence. The error, if any, was therefore harmless. *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635, 646, 88 N. E. 1080; *Kingan & Co.* v. *Gleason* (1914), 55 Ind. App. 684, 101 N. E. 1027. If the instruction had any harmful tendency at all, it was more against appellees than in their favor as it practically assumes as a fact, the failure on their part to comply with the conditions of their contract. But appellants contend that the instruction is erroneous and harmful, for the reason that in reducing the amount of appellees' demand, the instruction limited them to proof of actual damages in certain enumerated particulars; that they were entitled to the benefit of nominal damages in this respect if they proved a violation of the alleged contract, without proof of actual or special damages. It must be observed that the court in this instruction was not stating what appellants must prove, to be entitled to recover on their counterclaim, but what was necessary to enable them to reduce appellees' claim, provided the proof authorized a recovery by appellees on their complaint. Mere nominal damages could not reduce the amount in any substantial sum and to have thrown into the instruction the idea of nominal damages would have only tended to confusion, could have benefited no one and would not have affected the result in any particular sense.

It has been held many times that a judgment will 8. not be reversed where the only error is a failure to assess nominal damages and in any view of the question here presented, the error, if any, is of no more, and seemingly of less, consequence than a failure to assess nominal damages in favor of a litigant entitled thereto.

Instruction No. 7 is further criticised as assuming facts and not leaving them to be determined by the jury, and also as requiring certain proof to be made by direct evi-9. dence. The instruction, when read in connection with the others given, would not lead the jury to

understand that the court assumed as true any fact in issue, though the language might have been more guarded in this particular. The most serious objection pointed out, is that the court, after calling attention to the proposition that the mere fact of loss of credit by appellants was not proof that such loss or injury was caused by the bringing of this suit against them, said "but there must be direct evidence connecting the refusal of the credit with the bringing of the suit." This phrase, standing alone, is an erroneous statement of the law, for the proof, if sufficient, whether direct, circumstantial or otherwise, would establish the fact. The remaining question therefore is, was the error harmful to appellants. Used in the connection in which the language was employed, and considered with the other instructions, we are convinced the instruction as a whole meant, and could only mean to the jury, that the fact of loss of credit must be directly connected with the bringing of this suit, to form any basis for damages, and not that the jury was limited to any particular class of evidence in determining whether such connection was or was not proven. The instructions, when considered as a whole, state the law fairly and accurately and do not disclose any error prejudicial to the rights of the appellants. There are some slight inaccuracies, but on the whole it appears that the jury was clearly informed as to its duty, and the record discloses nothing in the instruction which deprived appellants of a fair and impartial trial on the merits of the case.

Appellants have not brought the evidence to this court except a small portion thereof to show alleged error in the exclusion of certain evidence. The questions to which objections were sustained, and the offer to prove, indicate that the answers were intended to show a loss of credit to appellants after appellees began this suit. There is no showing, either by the evidence introduced or by an offer to prove, that those

who denied appellants' credit knew of the filing of the suit, or were in any way influenced thereby in denying such credit. If error is predicated on the exclusion of evidence, the question should be set out and there should be a statement of what the answer was expected to prove. If the evidence, when offered, does not appear relevant to 13. the issues, the one offering the testimony should either introduce such evidence as will show its relevancy, or by statement satisfactory to the trial court, show that the offered testimony will be connected by other proof so as to make it relevant and competent. Elliott, App. Proc. §823; *Conden* v. *Morning Star* (1884), 94 Ind. 150; *Hitz* v. *Warner* (1911), 47 Ind. App. 612, 619, 93 N. E. 1005; *Williams* v. *Chapman* (1903), 160 Ind. 130, 66 N. E. 460; *Shorb* v. *Kinzie* (1881), 80 Ind. 500; *Hedrick* v. *Osborne & Co.* (1884), 99 Ind. 143. The testimony in this case, 11. tending to show loss of credit was neither relevant nor competent, unless the loss of credit was due to the filing of this suit in violation of the alleged contract. As there was no showing to this effect, it was not error to exclude the testimony tending to show loss of credit.

Upon the whole, the case seems to have been fairly tried and substantial justice to have been done between the parties. No error harmful to appellants having been pointed out, the judgment is affirmed.

NOTE.—Reported in 102 N. E. 284. See, also, under (1) 2 Cyc. 999; (2) 13 Cyc. 973; (3) 13 Cyc. 912, 913; (4) 29 Cyc. 736; (5) 2 Cyc. 700; 29 Cyc. 744; (6) 38 Cyc. 1750, 1782; (8) 3 Cyc. 446; (9) 38 Cyc. 1672; (10) 38 Cyc. 1778, 1779; (11) 38 Cyc. 1411; (12) 3 Cyc. 165; (13) 38 Cyc. 1329.