## STALKER v. BREEZE.

[No. 22,894. Filed January 30, 1917. Rehearing denied April 4, 1917.]

1. APPEAL.—*Review.—Evidence.—Verdict.*—Where the evidence, in an action to contest the validity of a will, was sufficient to form an issue of fact as to testator's testamentary capacity, the jury's verdict cannot be disturbed, since the court on appeal cannot weigh the evidence. p. 223.

2. APPEAL.—*Review.—Refusal of Instructions.*—It is not error to refuse requested instructions where the subject-matter thereof is fully covered in the instructions given. p. 223.

3. DEPOSITIONS.—*Admission in Evidence.*—Where it was not contended that depositions were improperly taken nor that the witnesses were produced in court, the depositions showing that the witnesses were all nonresidents of the state, it was not error to permit them to read in evidence over an objection that the reason for taking the depositions was not shown to still exist. p. 223.

4. DEPOSITIONS.—*Motions to Suppress.*—A motion to suppress a deposition should be made before the cause is submitted for trial. p. 224.

5. NEW TRIAL.—*Cause.—Newly-Discovered and Cumulative Evidence.*—It is not error to overrule a motion for a new trial on the ground of newly-discovered evidence where such evidence is merely cumulative and impeaching, and of a character not calculated to produce a different result at another trial. p. 224.

6. WITNESSES. — *Privileged Communications to Physicians. — Waiver.*—The privilege given by statute to a patient or his legal representatives in relation to communications made to the patient's physician may be waived, and, when once waived, it cannot be recalled and the information is no longer privileged. p. 225.

7. APPEAL.—*Harmless Error.—Admission of Clinical Record.*—Although the testator's clinical record kept by the nurses for a hospital might be incompetent as a privileged communication

in a will contest, the error, if any, in permitting it to be read in evidence was harmless where the party objecting asked his own witness to testify as to a part of such record. p. 225.

8. TRIAL.—*Admissibility of Rebuttal Evidence.—Discretion of Trial Court.*—It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should have been given in chief. p. 225.

9. TRIAL.—*Rebuttal Evidence.—Res Gestae.*—In an action to contest the validity of a will because of testator's alleged unsoundness of mind, where a witness on cross-examination denied making certain statements at the time the will was executed in relation to the testator's sanity, testimony impeaching the witness as to the denial was a part of the *res gestae* and, while such testimony would have been proper if introduced in chief, it was not improper rebuttal. p. 225.

From Elkhart Superior Court; *James L. Harman,* Judge.

Action by Mary Ann Breeze against John W. Stalker. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*C. C. Raymer,* for appellant.

*Conley, Frank & Conley* and *William B. Hile,* for appellee.

ERWIN, J.—This was an action by appellee to contest the validity of the will of her brother, John W. Stalker, an elderly bachelor, and to set aside the probate thereof for the reasons that decedent was of unsound mind and that the will was unduly executed. The will in question was executed on December 15, 1913, just a few hours prior to testator's death. The will gave the entire property of testator to his nephew and namesake, John W. Stalker, of Stagg, California. Appellee was a beneficiary under a prior will dated August 25, 1888. Trial was had by jury resulting in a verdict and judgment in favor of appellee, declaring the will invalid and setting aside the probate thereof.

Appellant filed his motion for new trial assigning 157 causes therefor. This motion was overruled and the

only error assigned calls in question that ruling of the court.

Appellant contends that the verdict of the jury is not sustained by sufficient evidence. Without setting out the evidence herein, which is voluminous, it is sufficient to say that in our opinion, there was at least sufficient evidence introduced in the case to form an issue of fact as to testator's testamentary capacity and that issue having been submitted to the jury, which found against the validity of the will, this court could not, if it so desired, invade the province of the jury and weigh the evidence. *Boland* v. *Claudel* (1913), 181 Ind. 295, 298, 104 N. E. 577. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775.

It is contended by appellant that the trial court erred in refusing to give his tendered instructions numbered 1 to 22. These tendered instructions were, in all particulars in which they were applicable to the evidence and issues of this case, included in the instructions given by the court. The court's instructions covered fully every phase of the case, including what did and what did not constitute unsoundness of mind; what constituted a proper execution of the will, as to signing and witnessing; the burden of proof and facts necessary to be proven to set aside the will, with every phase of the law, covering the facts and controversy in the case. We find no reversible error in the refusal to give the instructions tendered or in the instructions given by the court. *Boland* v. *Claudel, supra.*

Appellant contends that the court erred in permitting certain depositions to be read in evidence over his objection, made at the time appellee offered to read them, that the reason for taking the depositions is not shown to still exist. The depositions show

that the witnesses were all nonresidents of the state. It is not contended that the deposition was improperly taken nor that the witness was "produced in court"; therefore the court did not commit error. *Louisville, etc., R. Co.* v. *Hubbard* (1888), 116 Ind. 193, 194, 18 N. E. 611.

A motion to suppress a deposition should be made before the cause is submitted to the jury for

4. trial. The motion here was not so made and came too late. *Cohen* v. *Reichman* (1913), 55 Ind. App. 164, 167, 102 N. E. 284.

It is contended that the court erred in overruling the motion for new trial because of certain newly-discovered evidence. An examination of the affidavits

5. in support of the motion, which set out the newly-discovered evidence, shows that the evidence would be cumulative and impeaching only, and of a character not likely to change the result at another trial. The rule is "that newly discovered evidence of a merely cumulative character, or which tends only to the impeachment of a witness, without rendering a different result from that already reached probable, affords no sufficient ground for a new trial." We are therefore of the opinion that the court did not commit error in its ruling upon this cause for new trial. *Sutherlin* v. *State* (1886), 108 Ind. 389, 391, 9 N. E. 298; *Williams* v. *State* (1908), 170 Ind. 630, 632, 85 N. E. 113; *Ludwig* v. *State* (1908), 170 Ind. 648, 654, 85 N. E. 345; *Ray* v. *Baker* (1905), 165 Ind. 74, 88, 74 N. E. 619; *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 99 N. E. 39; *Thain* v. *State* (1914), 182 Ind. 345, 349, 106 N. E. 690.

It is contended that it was error to permit the reading in evidence of the decedent's clinical record kept by the nurses of the hospital for the hospital, for the reason that it was privileged, and was incompetent and

hearsay evidence. The record herein shows that appel‐ lant called as a witness one of the nurses, who made a portion of the clinical record, and examined her in re‐ lation to certain things that she found upon the same.

6. It has been held by this court that the privilege given by statute to a patient or his legal repre‐ sentatives in relation to communications made to the patient's physician may be waived, and, when once waived, it cannot be recalled and the informa‐ tion is no longer privileged. *Pittsburgh, etc., R. Co. v. O'Conner* (1908), 171 Ind. 686, 85 N. E. 969. We are of the opinion that, although the clinical rec‐

7. ord itself may be incompetent as a privileged communication (*Smart v. Kansas City* [1907] 208 Mo. 162, 105 S. W. 709, 14 L. R. A. [N. S.] 565, 578, 123 Am. St. 41) the error, if any, in permitting the clinical record to be read in evidence was ren‐ dered harmless by appellant's asking his own witness, one of the nurses, to testify as to part of the contents of the same record.

The next contention is based upon the introduction of certain evidence in rebuttal which was a part of appel‐ lee's main case.

8. It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should have been given in chief. We have carefully read the evidence given and cannot say that the court has here abused its discretionary power.

It is contended by appellant that the court erred in overruling their objections to certain questions pro‐ pounded to the witnesses Maloney and Friedman,

9. nurses who were present when the will was exec‐ uted and which testimony was offered in rebut‐ tal. The objections to this testimony was that it should have been offered in their examination in chief as wit‐

nesses for plaintiff; that it was not proper rebuttal, and was an attempt to impeach the witness Fleming on an immaterial matter. The witness Fleming was a witness for the defense, and testified that he had written the will in question, and gave it as his opinion that the testator was of sound mind. On cross-examination this witness was asked if he had not had a conversation with the nurse Maloney at the time he was writing the will and if he had not made certain statements in relation to the sanity of decedent, which were denied, but stated that certain statements were made by the nurse to him at the time. In rebuttal these two witnesses were called to give their version of the conversation, and they did by stating that the witness Fleming had made certain statements at that time. This testimony was confined to the conversation had at the time the will was being prepared and was part of the res gestae and would have been proper if introduced in chief and was not improper rebuttal. The fact that the testimony contradicted the testimony of the witness Fleming did not make it objectionable. The question of the sanity of the testator at the time the will was made was one of the material matters in issue and all that was done and said by testator or the parties present was a part of the transaction and therefore competent.

Appellant assigns seventy additional causes for new trial based upon the introduction and exclusion of certain evidence. We have examined these and are of the opinion that they present no reversible error. There being no reversible error the judgment is affirmed.

NOTE.—Reported in 114 N. E. 968. Privileged communications: (a) waiver of, to physician by bringing an action or introducing evidence concerning disease or injury, 13 Ann. Cas. 945, Ann. Cas. 1915 A 438; (b) waiver of, against attending physician testifying as to testator's capacity in will contest, 32 L. R. A. (N. S.) 73, 48 L. R. A. (N. S.) 420; (c) waiver of, by personal

representative, heir or next of kin, right, 10 Ann. Cas. 1118, Ann. Cas. 1913 A 100. See under (4) 13 Cyc 974; (3) 13 Cyc 985. Cumulative evidence as grounds for new trial in civil cases, collated note, L. R. A. 1916 C 1162.