## RAY v. STATE OF INDIANA

[No. 28,716.   Filed December 1, 1950.]

*Allan H. Nierman,* of Brownstown, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin, George W. Hand* and *Norman J. Beatty,* Deputy Attorneys General, for appellee.

YOUNG, C. J.—This was a criminal action brought by the State of Indiana against the appellant. It was begun by filing of an affidavit in the Washington Circuit Court charging the appellant with the crime of

inflicting a physical injury, with a dangerous and deadly weapon, while in the commission of robbery. The affidavit is based upon Section 10-4101, Burns' 1942 Replacement.

No question is suggested by the appellant as to the sufficiency of the evidence and the only questions raised by appellant are: (1) Error of law occurring at the trial, in that the court refused to permit the witness to answer the following question: "Mr. Malott, did you employ Mr. Mead to assist the State in this trial? Is that correct?" (2) Error of law occurring at the trial in that the court permitted the witness, Don Winn, to answer a question as to whether or not a piece of brick, which was marked State's Exhibit A, was such that under the circumstances finger prints of anybody that might have handled it prior to the time it was turned over to authorities could then be lifted from it, (3) a similar question which the court permitted Robert L. Bennett to answer, and (4) whether there was any error in giving Instruction No. 15 by the court upon his own motion.

The first question does not necessarily involve the correctness of the court's ruling in permitting Mr. Malott to answer the questions put to him. We do not find it necessary to go into the questions raised upon this proposition. It seems to be well settled in Indiana that in cross-examining a witness any fact tending to impair the credibility of a witness is proper examination and, in our opinion, the court should have allowed the question to be answered, but the failure to do so, does not seem to us to have been harmful. The witness, under examination, was the prosecuting witness, who, of course, was known to be particularly interested in the lawsuit. An outside attorney was appearing to help the prosecutor in the case, and the only purpose that could have been

served was whether or not the prosecuting witness, by employing the additional attorney to assist the State in the trial, was sufficient to show further his opinion of the defendant who had hit him on the head with a part of a brick. The additional attorney was there, participating in the trial in the presence of the jury and the witness and the court. If the answer had been "yes" it would only have been corroborative of what the jury might have expected. The extent of cross-examination of a witness on such matters is within the sound discretion of the trial court. It would not have changed the situation at all and would not have affected the attitude of the jury in the case, as we see it. This error was clearly harmless.

The second and third questions were of such nature that the court, had he been so requested, could have permitted the State, in its original case, to have asked it, and the fact that he overruled the objections to these questions is clearly indicative that he would have granted such motion had it been presented. *Denny* v. *State* (1921), 190 Ind. 76, 82, 83, 129 N. E. 308; *Stalker* v. *Breeze* (1917), 186 Ind. 221, 225, 114 N. E. 968; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 332, 101 N. E. 1001; *Tinkle* v. *Wallace* (1906), 167 Ind. 382, 393, 79 N. E. 355, 5 C. J. S., Appeal and Error, § 1718, p. 947.

The rule is so thoroughly established that it does not seem to require argument, but, for the sake of the record, we call attention to the following quotation at page 225 of *Stalker* v. *Breeze*, *supra:*

"The next contention is based upon the introduction of certain evidence in rebuttal which was a part of appellee's main case. It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should have been given in chief. We have carefully read the evidence given

and cannot say that the court has here abused its discretionary power."

This being true, and assuming that the court had sustained the objection instead of overruling it, it would make no difference whether the court overruled the objection or permitted the evidence to come in later.

The final objection by the appellant is with reference to giving Instruction No. 15 by the court on his own motion. This instruction read as follows:

"The constitution of this state, makes the jury the judges of the law as well as the facts. But this does not mean that the jurors may wilfully and arbitrarily disregard the law, nor that they make and judge the law as they think it should be in any particular case. It means that the jurors, under their oaths, should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our state, in each particular case. It does not mean that the jurors may so judge the law in any case as to make it null and void and of no force, but that they shall so judge the laws as to give them a fair and honest interpretation, to the end and to the effect that each and every law, in each and every case, may be fairly and honestly enforced. Any other interpretation of the law would weaken the safeguards erected by society for its protection; for by the non-enforcement of the law and its penalties in all criminal cases where it is shown by the evidence, beyond a reasonable doubt, to have been violated, contempt for the law is bred among the very class that it is intended to restrain. The facts must be so adjudged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case, and under your oaths, you have no right to arbitrarily disregard either the law or the facts in the case, without just cause, after a fair and impartial consideration of both."

An instruction in identical language was approved in *Wolfe* v. *State* (1929), 200 Ind. 557, 568, 569, 159 N. E. 545. In that case the same objections were urged as are urged in the case before us, and it was there held that, while it reached the limit of what this court was willing to approve, the court would and did approve it.

No harmful error being pointed out to us, the judgment is affirmed.

NOTE.—Reported in 95 N. E. 2d 212.