LAMAR *v.* STATE OF INDIANA.

[No. 30,347. Filed January 8, 1964. Rehearing denied February 26, 1964.]

*Robert S. McCain*, of Fort Wayne, for appellant.

*Edwin K. Steers*, Attorney General, and *Frederick J. Graf*, Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged and convicted of the crime of sodomy. He here asserts the following three grounds as cause for appeal:

1) That his alibi was established by evidence beyond a reasonable doubt.

2) That the court erred in not requiring the prosecuting witness to submit to psychiatric examination by court-appointed physicians.

3) That the court erred in permitting the state to introduce evidence as to acts of sexual perversity by appellant with other boys, after appellant concluded his evidence; which evidence had included the testimony of several witnesses as to appellant's good reputation for morality in the community.

Appellant's first contention is without merit. The case was set for trial more than a month prior to June 5, 1962. However, appellant's notice of alibi was not filed, nor was notice thereof given to the prosecutor until May 28, 1962—just eight days prior to trial.

The alibi statute provides, in part:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of

alibi, the defendant shall, not less than *ten* [10] *days before the trial* of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. . . . " Acts 1935, ch. 228, §1, p. 1198 [§9-1631, Burns' 1956 Repl.]. [Emphasis added.]

" . . . At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. . . . " Acts 1935, ch. 228, §3, p. 1198 [§9-1633, Burns' 1956 Repl.].

From the record it does not appear that the appellant made any attempt to make "a showing of good cause for such failure by the defendant" to timely file his alibi notice. Under such circumstances the court might properly have excluded evidence offered by the defendant to establish an alibi. Instead, it appears from the record that at the commencement of the trial [June 5, 1962], the parties stipulated that the *date* of the alleged offense was August 2, 1961, without specifying any hour of the day. Under the above facts, it is not necessary that we attempt to reconcile the evidence regarding the exact time on the date when the alleged offense occurred, although it is our opinion that such a reconciliation is possible. It is sufficient that the evidence supports the fact that the offense was committed on August 2, 1961, the date stipulated by the parties.

Secondly, appellant asserts as error the fact that the trial court denied his petition to require Roger Sitcler to submit to a psychiatric examination by three qualified physicians, which asserted error was again raised during the course of the trial in the form of an objec-

tion to the admission of the testimony of the witness Roger Sitcler. In support of this petition, appellant asserted: (1) That the prosecuting witness was a minor, 15 years of age at the time of the trial; (2) that on numerous occasions he had changed his story with regard to the offense, and (3) that he was the sole witness who testified to the offense, as charged. Thus, from appellant's petition, objection, and argument, it is obvious that he is relying upon *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892, with its attendant criteria as his authority for his right to require a psychiatric examination of the prosecuting witness.

However, the *Burton* case, *supra*, is no longer authority on this proposition of law, relied upon by appellant, since it was expressly overruled in *Wedmore* v. *State* (1957), 237 Ind. 212, 221-222, 223-224, 143 N. E. 2d 649. In that case this court said:

> "There is no statute in Indiana making provision for a psychiatric examination of a prosecuting witness in any case. Cf.: *Chesterfield* v. *State* (1924), 194 Ind. 419, 424, 151 N. E. 129.
>
> "The question of stability and mental condition of the prosecuting witness herein concerned her competency and was a matter for the court to determine. *Simpson* v. *State* (1869), 31 Ind. 90;
>
> . . .
>
> "The prosecuting witness was 17 [more than 10] years of age at the time of the trial and . . . she was a competent witness under the statute, and her credibility was a question for the jury [trier of the facts]. *Holmes* v. *The State* (1882), 88 Ind. 145, 147; *Tyrrel* v. *State* (1912), 177 Ind. 14, 97 N. E. 14; *Jacoby* v. *State* (1936), 210 Ind. 49, 199 N. E. 563; *Thompson* v. *State* (1946), 224 Ind. 290, 66 N. E. 2d 597.
>
> . . .
>
> "The prosecuting witness in this case, being 17 years of age, took the witness stand clothed with

the presumption of competency, and the burden of establishing the contrary was upon the defendant-appellant. 58 Am. Jur., Witnesses, §210, p. 144."[1]

Furthermore, it is to be noted that the trial court, at the conclusion of all the evidence and when it was still within its power to consider the competency of the witness Roger Sitcler and to strike his testimony considered to be incompetent, made the following entry:

" . . . [I]n view of the Motion made at the beginning of the trial, that the prosecuting witness be examined, the Court has paid particular attention to the demeanor and the testimony of the prosecuting witness and the Court is of the opinion that the witness made a straightforward witness, he readily admitted that he had lied on these matters that were set out in the Petition, and the Court came to the conclusion and now comes to the conclusion that he is not a subject for examination. The Motion is overruled."

For these reasons we conclude that the refusal of the court to appoint a psychiatrist for the purpose of examining the prosecuting witness presents no error.

Finally we consider appellant's third contention: That, after the appellant had concluded his testimony in defense of his case, the state was permitted to admit in evidence the testimony of three additional witnesses who testified regarding other sexually perverted acts which they had experienced with the appellant.

---

1. "The following persons shall not be competent witnesses:
. . .
"Second. Children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath."
Acts 1881 (Spec. Sess.), ch. 38, §275, p. 240, being §2-1714, Burns' 1946 Repl.

Appellant objected to the admission of the above evidence in rebuttal, on the ground that the reputation for morality of the appellant in the community could not be questioned by testimony of specific acts of immorality on his part. Without deciding this question, we do note that the evidence was admissible for other reasons.

The appellant, as part of his defense, had taken the witness stand and had attempted to prove that he was elsewhere at the time the prosecuting witness testified the act occurred. Also, on direct examination appellant had been asked whether or not he committed an act of sodomy with Roger Sitcler on August 2, 1961, to which appellant answered: "Absolutely not." By this testimony, he had placed the credibility of the testimony of the prosecuting witness in issue.

As an exception to the general rule, it is always permissible for the state, in actions involving abnormal sexual intercourse, to introduce evidence as to other improper acts of sexual intimacy committed by the defendant. *Borolos* v. *State* (1924), 194 Ind. 469, 473, 143 N. E. 360. It it said in *State* v. *Robbins* (1943), 221 Ind. 125, 136, 137, 138, 46 N. E. 2d 691, that this evidence is not admissible for the purpose of establishing the guilt of the defendant as to the particular offense charged, but is admitted in order to make it possible " 'for the jury properly to appreciate the testimony in reference to such principal transaction [*People* v. *Jenness*, 5 Mich. 305, 323]. . . . ' " " 'and to rebut an inference that the story they [the prosecuting witnesses] told was too improbable to be true [*Borolos* v. *State*, 194 Ind. 469, 478] . . . ' " Or, as otherwise stated, " 'for the purpose of making more probable the specific and distinct offense charged [*State*

v. *Reineke*, 89 Oh. St. 390, 394].' " See also: *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769.

In effect, then, evidence regarding other similar sex offenses is admitted as tending to support the credibility of the prosecuting witness as his testimony is related to the particular offense charged. Ordinarily, such testimony is considered admissible as a part of the state's case in chief. Thus, it would seem reasonable to follow that, if such evidence was admissible before the credibility of the testimony of the prosecuting witness was placed in issue, such testimony would be all the more justified after the defendant had personally taken the stand and categorically denied having committed the offense regarding which the prosecuting witness testified.

Furthermore, even assuming that such evidence should more properly have been a part of the state's case in chief, the fact that the court admitted the evidence in rebuttal would not, in itself, constitute reversible error so long as the appellant, as in this case, was given an opportunity of surrebuttal.

In discussing this issue, this court, in the case of *Ray* v. *State* (1950), 228 Ind. 706, 709-710, 95 N. E. 2d 212, stated:

> "The rule is so thoroughly established that it does not seem to require argument, but, for the sake of the record, we call attention to the following quotation at page 225 of *Stalker* v. *Breeze*, *supra* [186 Ind. 221, 225, 114 N. E. 968]:
>
>> " 'The next contention is based upon the introduction of certain evidence in rebuttal which was a part of appellee's main case. It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should have been given in chief. We have carefully read the evidence given and cannot say

that the court has here abused its discretionary power.' "

Also, in the very recent case of *Shipman* v. *State* (1962), 243 Ind 245, 254-255, 183 N. E. 2d 823, 828, this court stated:

" . . . Further, even though the court may have permitted the question and answer out of order, it does not appear that the appellant was in anywise prejudiced thereby, . . .

"The scope of re-direct examination is within the sound discretion of the trial court, and although he permits evidence to be introduced under such re-direct examination for the first time, this fact will not, under ordinary circumstances, constitute reversible error unless the opposite party is prevented from further interrogating the witness on the subject matter and of presenting other evidence in contradiction of the testimony adduced if it is prejudicial to his position in the case. These circumstances do not appear in this case. *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319, 326, 66 N. E. 882, 885; *Wells* v. *State* (1959), 239 Ind. 415, 425, 426, 158 N. E. 2d 256, 260, 261-262."

The appellant having presented no matters constituting reversible error, judgment of the trial court is affirmed.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., dissents without opinion.

NOTE.—Reported in 195 N. E. 2d 98.